UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00341-FDW
(3:06-cr-00456-FDW-1)

| | |
|---|---|
| TARVIS LEVITICUS DUNHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Tarvis Leviticus Dunham's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and upon the Government's Motion to Dismiss the Motion to Vacate (Doc. No. 5).

**I.  BACKGROUND**

On August 10, 2007, Dunham pled guilty in this Court to Assault with a Deadly Weapon During a Bank Robbery, in violation of 18 U.S.C. § 2113(d), Larceny of a Motor Vehicle by Force or Violence, in violation of 18 U.S.C. § 2119, and Use of a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1).  Plea, Doc. No. 15; Accept. and Entry of Plea, Doc. No. 17.[1]  The probation office prepared a Presentence Investigation Report, which found that Dunham had at least two prior felony convictions of either a crime of violence or a controlled substance offense, including a 2002 federal bank

---

[1] Unless otherwise indicated, all document citations not in parentheses are from the docket in the underlying criminal case:  United States v. Dunham, 3:06-cr-00456-FDW-1 (N.C.W.D.).

1

robbery conviction, and a 2002 North Carolina conviction for indecent liberties with a child, that qualified him as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 41B.2. (§ 2255 Mot. 1-2, Doc. No. 1.)

Based on the career-offender enhancement, Dunham faced an advisory Sentencing Guidelines range of 272 to 310 months imprisonment, which included a mandatory 84 month consecutive sentence for the 18 U.S.C. § 924(c)(1) conviction. Sent. Tr. 6-7, Doc. No. 33. The Court imposed a total aggregate sentence of 300 months. J., Doc. No. 24. Judgment was affirmed on appeal. United States v. Dunham, 326 F. App'x 206, 207 (4th Cir. 2009) (unpublished).

Dunham filed the instant Motion to Vacate through counsel on June 14, 2016, arguing that his sentence should be vacated and that he should be resentenced without the career-offender enhancement because his prior North Carolina conviction for taking indecent liberties with a child no longer qualifies as a predicate felony offense under U.S.S.G. § 4B1.2, in light of the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1.) The Court stayed this action on August 2, 2016, pending the United States Supreme Court's resolution of Beckles v. United States. (Aug. 2, 2016 Text-Only Order.).

Beckles has now been decided, 137 S. Ct. 886 (2017). The Government has filed a Motion to Dismiss the § 2255 Motion to Vacate based on Beckles (Doc. No. 5), and Dunham's counsel moved to withdraw from representation (Doc. No. 8). The Court granted counsel's motion to withdraw and issued an Order advising Dunham of his ability to withdraw his § 2255 Motion without prejudice, or respond to the Government's Motion to Dismiss. (Doc. No. 10). Dunham subsequently filed a response to the Government's Motion, essentially reiterating the argument that he is entitled to relief under Johnson. (Doc. No. 11.)

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id. After conducting its review, the Court finds that the issue presented in the Motion to Vacate can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In Johnson, made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1).

"Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added). The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. Pursuant to Johnson, a defendant who was sentenced under the ACCA to a mandatory minimum term in

3

prison based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence. See id. at 2558.

Dunham was not convicted of being a felon in possession of a firearm; thus, his sentence was not enhanced under the ACCA. Dunham contends, however, that the holding in Johnson applies equally to the career-offender provisions of the Sentencing Guidelines.

Under the relevant provision of U.S.S.G. § 4B1.1, a defendant is a career offender under the Sentencing Guidelines if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a) (2007). When Dunham was sentenced, the definition of the term "crime of violence" contained a force clause, an enumerated clause, and a residual clause. Under that definition, a federal or state offense punishable by more than one year of imprisonment qualified as a crime of violence if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another" (force); "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (enumerated); "or otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual). § 4B1.2(a) (2007).

Dunham contends that his conviction for taking indecent liberties with a child is no longer a predicate offense under the career-offender guidelines because it satisfies only the "crime of violence" residual clause, which is identical to the residual clause struck down as unconstitutional in Johnson. The holding in Johnson, however, does not extend to the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court held that the advisory Guidelines, including the career offender residual clause, are not subject to a vagueness challenge under the Due Process Clause. Id. at 892. Thus, even if Dunham's North Carolina conviction satisfies only the residual clause of § 4B1.2(a), he is not

4

entitled to relief because that clause remains valid after Johnson.  Id.

IV.     CONCLUSION

Johnson does not afford Dunham relief from his sentence.  Accordingly, the Court shall grant the Government's Motion to Dismiss and dismiss Dunham's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss the 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 5) is **GRANTED**;

2. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** for the reasons stated herein; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 2, 2018

Frank D. Whitney
Chief United States District Judge